UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CR-80001-Rosenberg/Reinhart

26 U.S.C. § 7201

UNITED STATES OF AMERICA

vs.

ESTON EUREL MELTON III,
a/k/a "Dusty"

Defendant.

_____/

FILED BY _____ SW _____ D.C.

Jan 3, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## INFORMATION

The United States Attorney charges that:

### General Allegations

At all times relevant to this Information:

1.      From in or around 2011 through in or around November 2018, the defendant, **ESTON EUREL MELTON III, a/k/a "Dusty",** was a resident of Miami-Dade County. Beginning in or around November 2018, the defendant was a resident of Palm Beach County.

2.      For tax years 2005 through 2014, the defendant submitted Federal income tax returns acknowledging a total tax due and owing of approximately $1,313,840. In addition, the defendant owed substantial penalties and interest on his unpaid taxes. In contrast to the amount he owed, the defendant made voluntary tax payments—that is, payments other than Internal Revenue Service ("IRS") collections though levies and liens—of only approximately $62,100.

3.      Individuals 1 and 2 were close family members of the defendant.

4.     Residence 1 was located in Miami-Dade County. The defendant owned Residence 1 until on or about April 16, 2018, when he sold the residence.

5.     Individual 3 was a real estate agent in Miami-Dade County. From in or around May 2012 through in or around April 2014, Individual 3 attempted to sell Residence 1 on the defendant's behalf.

6.     Residence 2 was located in Palm Beach County. Individual 2 purchased the residence on or about November 27, 2018.

7.     Global Projects, Inc., was a Florida corporation incorporated on or about September 13, 1995. The defendant owned, operated, and served as an officer of the corporation. Global Projects provided lobbying services. The defendant provided all or almost all Global Projects' services.

8.     Gryphon Partners, Inc. was a Florida corporation incorporated on or about March 15, 2017. Gryphon Partners identified Individual 2 as the owner of the corporation. Beginning on or about April 11, 2018, the defendant was the registered agent of Gryphon Partners. Gryphon Partners provided lobbying services. The defendant provided all or almost all Gryphon Partners' services.

<u>Attempt to Evade and Defeat Tax</u>

9.     From in or around September 2011, and continuing through in or around October 2022, the exact dates being unknown to the grand jury, in Palm Beach County and Miami-Dade County, in the Southern District of Florida, the defendant,

**ESTON EUREL MELTON III,**
**a/k/a "Dusty"**

did willfully attempt to evade and defeat the payment of a substantial part of the income tax due and owing by him to the United States for calendar years 2005 through 2014.

10.     The manner and means by which the defendant attempted to evade and defeat tax included, among other things, the following:

2

a.      The defendant placed some of his income and assets in the names of Individuals 1 and 2, including by having some of his income deposited in Individual 1's bank account; withdrawing cash from Global Projects' bank account and giving the cash to Individual 2, who deposited it in Individual 2's account; and transferring title to his life insurance policies and cars to Individual 2.

b.      The defendant represented to the IRS that he was attempting to sell Residence 1 to obtain funds to make a payment towards his income taxes, but in truth, the defendant delayed, evaded, and defeated efforts to sell the residence.

c.      The defendant caused Global Projects to reduce his compensation and instead caused Global Projects to pay compensation to Individual 2, although the defendant continued to provide all or almost all the services to Global Projects' clients.

d.      The defendant caused his clients at Global Projects to pay their fees to Gryphon Partners and caused new clients to pay fees to Gryphon Partners. The defendant provided all or almost all Gryphon Partners' services to its clients. However, Gryphon Partners paid the defendant very limited compensation. Gryphon Partners paid almost all compensation to Individual 2.

e.      The defendant caused and aided Individual 2 to buy Residence 2 and take title solely in Individual 2's name, although approximately two thirds of the cash to close was paid with proceeds of Global Projects and Gryphon Partners.

f.      The defendant lived in Residence 2 with Individual 2 and Individual 2 paid the defendant's living expenses.

g.      The defendant handled his personal finances without using a bank account.

11.     The defendant attempted to evade and defeat the payment of tax by committing the following affirmative acts, among others:

3

    a.  On or about May 4, 2012, the defendant informed the IRS that his realtor was Individual 3.

    b.  On or about May 31, 2012, the defendant directed Individual 3 that, until on or about November 1, 2012, Individual 3 was not to market Residence 1 through Multiple Listing Services, not to advertise the property, not to put up "for sale" signs on the property, and not to provide information about the property to other real estate agents; he declined to commit to make the property available for showings and inspections; and he selected an asking price hundreds of thousands of dollars higher than Individual 3 recommended.

    c.  On or about December 19, 2012, the defendant again selected an asking price for Residence 1 hundreds of thousands of dollars higher than Individual 3 recommended.

    d.  On or about March 8, 2016, the defendant signed check 1069 drawn on Global Projects' SunTrust bank account ending in 5360 in the amount of $1000. The same day, the check was negotiated for cash. Also the same day, Individual 2 deposited $1000 into Individual 2's personal checking account in cash.

    e.  In or around May 2016, the defendant directed his accountant to assure an IRS Revenue Officer that the contract to sell Residence 1 to Individuals 4 and 5 was likely to close in the near future.

    f.  On or about November 6, 2018, the defendant caused Individual 2 to email the closing agent for Residence 2 that Individual 2 was "purchasing [Residence 2] with my own funds and in my name only. If you would like Dusty to sign the mortgage and/or promissory note alongside me, that would be fine. But Dusty will not be on title."

g.      On or about November 27, 2018, the defendant signed check 1817 drawn on Global Projects' SunTrust bank account ending in 5360 in the amount of $2000. The same day, the check was negotiated for cash. Also the same day, Individual 2 deposited $2000 into Individual 2's personal checking account in cash.

h.      On or about November 27, 2018, the defendant caused Individual 2 to close on Residence 2 and to take title solely in Individual 2's name.

i.      On or about December 31, 2018, the defendant closed his checking account.

j.      On or about August 5, 2019, the defendant sent a letter to multiple Global Projects clients stating that "responsibility for and supervision of my existing consulting services for you . . . will be assumed by [Individual 2]'s Gryphon Partners of which [Individual 2] is President and I am Chairman. I will continue to be your primary political asset and point of communication, but [Individual 2]'s company will become your client relationship . . . ."

k.      On or about February 11, 2020, the defendant transferred ownership of his whole-life-insurance policies to Individual 2.

l.      On or about February 12, 2020, the defendant transferred title to his cars to Individual 2 for $10 each.

m.      On or about February 18, 2020, the defendant gave an IRS Revenue Officer a Form 433-A (Collection Information Statement for Wage Earners and Self Employed Individuals). The form reported that the defendant was employed by Gryphon Partners and earned $3000 per month in wages. The defendant reported owning no bank accounts, investments, real estate, vehicles, life insurance policies, or other assets except clothing and watches worth $5000. His only reported living expense was $2000 in

court ordered payments; he reported no expenses for food or clothing. On or about February 18, 2020, the defendant told the Revenue Officer that Individual 2 handled all his living expenses.

n.     On or about February 18, 2020, the Revenue Officer gave the defendant a document requiring the defendant to provide the officer with, among other things, Gryphon Partners' bank and credit card statements since January 2017. On or about March 23, 2020, the defendant responded by letter that "I have no ownership interest in Gryphon Partners, Inc.; therefore, I have no control over its" bank or credit card statements.

o.     On or about February 19, 2021, the defendant caused a Form 433-A to be faxed to an IRS Revenue Officer. On the form, he reported that he worked for Gryphon Partners, but was paid zero wages. He reported owning no bank accounts, investments, real estate, vehicles, life insurance policies, or other assets except clothing worth $5000. He reported zero living expenses.

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-80001-Rosenberg/Reinhart

v.

Eston Eurel Melton III,

_____ /
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No)_____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☐ FTL   ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect: _____

4. This case will take  10  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    ☐ 0 to  5 days
   II   ☒ 6 to 10 days
   III  ☐ 11 to 20 days
   IV   ☐ 21 to 60 days
   V    ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes, Judge_____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No)  No
   If yes,_____ Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No)  No
   If yes, Judge_____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No)  No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? (Yes or No)  No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No)  No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

By:  *Marc Osborne*
_____
MARC OSBORNE
Assistant United States Attorney
SDFL Court ID No.  200362

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Eston Eurel Melton III

**Case No**: 25-CR-80001-Rosenberg/Reinhart

Count #1:

Attempt to evade or defeat tax

26 U.S.C. § 7201

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years' supervised release
* **Max. Fine:** $250,000 fine and a $100 special assessment

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-CR-80001-Rosenberg/Reinhart

### BOND RECOMMENDATION

DEFENDANT: ESTON EUREL MELTON, III

$150 Personal Surety Bond

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _Marc Osborne_

AUSA:   MARC OSBORNE

Last Known Address: 2580 Tecumseh Dr.

West Palm Beach, FL 33409

What Facility:

Agent(s):

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (OTHER)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 25-CR-80001-Rosenberg/Reinhart |
| | ) | |
| ESTON EUREL MELTON, III, | ) | |
| *Defendant.* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Michael J. Rosen
*Printed name of defendant's attorney*

_____
*Judge's signature*

William Matthewman, U.S. Magistrate Judge
*Judge's printed name and title*